UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---:|
| JOHNNY JOE ADAM USÉ | CIVIL ACTION |
| VERSUS | NO. 18-2442<br>c/w  NO. 18-3040 |
| JERRY J. LARPENTER, ET AL. | SECTION: "F"(3) |

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Johnny Joe Adam Usé, filed these *pro se* and *in forma pauperis* consolidated civil actions pursuant to 42 U.S.C. § 1983. In these cases, he alleged that his constitutional rights were violated in various ways when he was arrested and detained in the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana.[1]

Plaintiff first filed Civil Action No. 18-2442 against Terrebonne Parish Sheriff Jerry J. Larpenter, the "EMT Medical Staff," Terrebonne Parish President Gordon Dove, Medical Administrator Richard Petie Neal, Warden Claude Triche, and Deputies Mike Thomas and Mike Johnson. In that lawsuit, plaintiff claimed that he was harassed, falsely arrested, subjected to excessive force, denied proper medical care, not protected from violence at the hands of other inmates, improperly confined in a restraint chair without access to a bathroom, and not allowed to change clothes or shower after urinating on himself.

Plaintiff then filed Civil Action No. 18-3040. In that new action, he again sued Larpenter, Dove, Neal, Triche, Thomas, and Johnson, as well as Sergeants Matthews, Henry, and Kibadaux. In that lawsuit, he alleged that, on a second occasion, he was again improperly confined in a restraint chair without access to a bathroom and not allowed to change clothes or shower after urinating on himself.

---

[1] Although he was incarcerated at the time these actions were filed, it appears that plaintiff has since been released.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on May 22, 2018. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on plaintiff's complaints and Spears hearing testimony, the Court finds that he is making the following allegations in these lawsuits:

On February 9, 2018, Deputy Mike Johnson arrested plaintiff. When plaintiff was taken to jail, he told officers about his "nerve disease," but jail officials did not care about his medical problems or provide appropriate medical treatment.

Sergeants Kibadaux and Henry used excessive force against plaintiff at the jail.[2]

On two occasions at the jail, plaintiff was erroneously given another inmate's medications.

Plaintiff believes that someone at the jailed tampered with his mail on one occasion, in that he received a mailing from the Court which had "white-out" correction fluid applied to it.

On another occasion, officers failed to respond when plaintiff pressed the jail's "panic button" because he feared that other inmates were going to hurt him over an incident involving a cellular telephone. He was finally removed from the unit when he pretended to try to hang himself. He was not in fact injured by the other inmates.

Plaintiff was placed in a restraint chair by Deputy Thomas and Sergeant Matthews for 5 ½ hours on one occasion and then for 7 ½ hours on a second occasion. The officers claimed plaintiff

---

[2] At the Spears hearing, plaintiff also referenced a third officer who was allegedly involved in one of the incidents; however, that individual has not been named as a defendant herein.

was restrained because he was attempting to harm himself. While restrained, he was denied permission to go to the restroom; as a result, he urinated on himself, and he then was not allowed to change clothes or to take a shower for two or three days afterwards.

At the Spears hearing, plaintiff testified that defendants Larpenter, Dove, Neal, and Triche were not personally involved in any of these incidents. Plaintiff explained that they were sued because they hold supervisory positions.

### Claims Against Terrebonne Parish President Gordon Dove, Medical Administrator Richard Petie Neal, and the "EMT Medical Staff"

Defendants Dove, Neal, and the "EMT Medical Staff" have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] Plaintiff was ordered to file a memorandum in response to that motion no later than July 25, 2018.[4] To date, he has filed no response or in any way indicated that he opposes the motion.

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[3] Rec. Doc. 45.
[4] Rec. Doc. 46.

> misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

To the extent that plaintiff has named the "EMT Medical Staff" as a defendant, that is improper. The collective "EMT Medical Staff" is not a distinct, juridical entity capable of being sued. See Walcott v. Crabtree, Civ. Action No. 13-71, 2013 WL 5236643, at *1 n.1 (E.D. La. Sept. 13, 2013); Granger v. Tangipahoa Parish Jail-Medical Staff, Civ. Action No. 12-2276, 2013 WL 1103279, at *2 (E.D. La. Feb. 5, 2013), adopted, 2013 WL 1103293 (E.D. La. Mar. 15, 2013), aff'd, 554 Fed. App'x 271 (5th Cir. 2014); Verrette v. Stalder, Civ. Action No. 07-9202, 2009 WL 411196, at *3 (E.D. La. Feb. 13, 2009); Mondello v. Bossier Parish Sheriff's Office, Civ. Action No. 04-2609, 2006 WL 1985407, at *4 (W.D. La. June 16, 2006) (Hornsby, M.J.) (adopted by Hicks, J., on July 13, 2006). Accordingly, the claim against that defendant should be dismissed.

As to defendants Dove and Neal, they argue that plaintiff's allegations are insufficient to state a claim against them in either their official or individual capacities. They are correct.

With respect to any official-capacity claims, it must be noted that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Therefore, any official-capacity claims against Dove and Neal are in reality claims against the local governmental body itself. See Hinojosa v. Larpenter, Civ. Action No. 17-9861, 2018 WL 794390, at *4 (E.D. La. Feb. 8, 2018). However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.* To satisfy the cause in fact requirement, *a plaintiff must allege that*

4

> *the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of any policy or custom, much less identify such a policy or custom. Therefore, he has failed to state a proper official-capacity claim against either Dove or Neal.

With respect to any individual-capacity claims against Dove and Neal, it must be noted that that "[p]ersonal involvement is an essential element of a civil rights cause of action," Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), and that such involvement must be alleged by a plaintiff. The United States Fifth Circuit Court of Appeals has expressly held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).

Although Dove and Neal are identified as defendants, plaintiff fails to allege that they were personally involved in any way in the purported civil rights violations in this case. On the contrary, at the Spears hearing, plaintiff candidly admitted that were not personally involved, explaining that he sued them simply because they hold supervisory positions. However, that fact is not alone a sufficient basis to hold them liable under § 1983. It is well established that a supervisory official is not liable pursuant to § 1983 under any theory of vicarious liability for federal civil rights violations allegedly committed by his subordinates. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."). Accordingly, plaintiff has likewise failed to state proper individual-capacity claims against Dove and Neal.

For all of these reasons, the motion to dismiss filed by Terrebonne Parish President Gordon Dove, Medical Administrator Richard Petie Neal, and the "EMT Medical Staff" should be granted.

**Claims Against Terrebonne Parish Sheriff Jerry J. Larpenter and Warden Claude Triche**

As noted, plaintiff has also sued Sheriff Larpenter and Warden Triche. However, because plaintiff has similarly failed to state a claim against those defendants, they should be dismissed from these actions *sua sponte* pursuant to the Court's screening authority.[5]

---

[5] With respect to actions filed *in forma pauperis*, such as the instant lawsuits, federal law provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … fails to state a claim on which relief may be granted …." 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, federal law also mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law likewise requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … fails to state a claim upon which relief may be granted …." 28 U.S.C. § 1915A(b)(1).

The claims against Larpenter and Triche suffer from the same defects as the claims against Dove and Neal. Specifically, no proper official-capacity claim has been stated against either Larpenter or Triche because plaintiff does not allege that his constitutional rights were violated as a result of a governmental policy or custom, much less identify such a policy or custom. He has likewise failed to state proper individual-capacity claims against those defendants, in light of his <u>Spears</u> hearing testimony conceding that neither Larpenter nor Triche was personally involved in any way in the purported civil rights violations in this case. Accordingly, the claims against Larpenter and Triche should be dismissed.

**Claims Against Deputies Mike Thomas and Mike Johnson**

**and Sergeants Matthews, Henry, and Kibadaux**

The undersigned recommends that the claims against the remaining defendants, Thomas, Johnson, Matthews, Henry, and Kibadaux be allowed to proceed at this time pending further development.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the unopposed motion to dismiss filed by Terrebonne Parish President Gordon Dove, Medical Administrator Richard Petie Neal, and the "EMT Medical Staff," Rec. Doc. 45, be **GRANTED** and that the claims against those defendants be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that the claims against Terrebonne Parish Sheriff Jerry J. Larpenter and Warden Claude Triche be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that the claims against Deputies Mike Thomas and Mike Johnson and Sergeants Matthews, Henry, and Kibadaux be allowed to proceed pending further development.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourteenth day of December, 2018.

                                                  **DANIEL E. KNOWLES, III**
                                                  **UNITED STATES MAGISTRATE JUDGE**