UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY JOE ADAM USÉ                                   CIVIL ACTION

VERSUS                                                NO. 18-2442
                                                      c/w NO. 18-3040

JERRY J. LARPENTER, ET AL.                            SECTION: "F"(3)

**REPORT AND RECOMMENDATION**

Plaintiff, Johnny Joe Adam Usé, filed the instant federal civil actions pursuant to 42 U.S.C. § 1983. In these cases, he alleged that his constitutional rights were violated in various ways when he was arrested and detained in the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana.[1]

Plaintiff first filed Civil Action No. 18-2442 against Terrebonne Parish Sheriff Jerry J. Larpenter, the "EMT Medical Staff," Terrebonne Parish President Gordon Dove, Medical Administrator Richard Petie Neal, Warden Claude Triche, Mike Thomas, and Wesley Johnson.[2] In that lawsuit, plaintiff claimed that he was harassed, falsely arrested, subjected to excessive force, denied proper medical care, not protected from violence at the hands of other inmates, improperly confined in a restraint chair without access to a bathroom, and not allowed to change clothes or shower after urinating on himself.

---

[1] Although he was incarcerated at the time these actions were filed, plaintiff has since been released. See Rec. Doc. 42.
[2] This defendant was incorrectly identified in the complaint as Mike Johnson. See Rec. Doc. 50.

Plaintiff then filed Civil Action No. 18-3040. In that new action, he again sued Larpenter, Dove, Neal, Triche, Thomas, and Johnson, as well as Sergeants Matthews, Henry,[3] and Kibadaux. In that lawsuit, plaintiff alleged that, on a second occasion, he was again improperly confined in a restraint chair without access to a bathroom and not allowed to change clothes or shower after urinating on himself.

On January 11, 2019, United States District Judge Martin L.C. Feldman granted the unopposed motion to dismiss filed by Terrebonne Parish President Gordon Dove, Medical Administrator Richard Petie Neal, and the "EMT Medical Staff" and dismissed the claims against those defendants. Judge Feldman also dismissed the claims against Terrebonne Parish Sheriff Jerry J. Larpenter and Warden Claude Triche pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted. Lastly, Judge Feldman ordered that the claims against Thomas, Johnson, and Sergeants Matthews, Henry, and Kibadaux be allowed to proceed pending further development.[4]

Accordingly, the undersigned United States Magistrate Judge then issued an order scheduling a telephone preliminary conference in this matter for February 21, 2019. The parties were informed that the purpose of the conference was to determine whether all remaining parties would consent to proceed to trial before the undersigned and to select a trial date, if appropriate. The Order also expressly provided:

> **IT IS ORDERED** that, on or before **February 13, 2019**, plaintiff file into the record a written notice of the **telephone number** where he can be reached on February 21, 2019, at 2:00 p.m. **If plaintiff fails to do so and fails to participate**

---

[3] It appears that Sergeants Matthews and Henry may in reality be a single individual named Matthew Henry. See Rec. Doc. 50. However, because the two are listed as separate individuals in the complaint, the Court will continue to refer to them as such out of an abundance of caution.

[4] Rec. Doc. 53.

**in the scheduled conference, the undersigned will recommend that plaintiff's remaining claims be dismissed for failure to prosecute.**[5]

Despite that warning, plaintiff neither filed written notice of his telephone number nor made any effort to participate in the conference. Therefore, the conference could not be held. Accordingly, it is now recommended that plaintiff's remaining claims against Thomas, Johnson, and Sergeants Matthews, Henry, and Kibadaux be dismissed for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff failed to participate in the preliminary conference as ordered. Due solely to plaintiff's failure, this Court has no way to advance his case on the docket. Accordingly, his remaining claims against Thomas, Johnson, and Sergeants Matthews, Henry, and Kibadaux should be dismissed for failure to prosecute.

---

[5] Rec. Doc. 54 (emphasis in original).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Mike Thomas, Wesley Johnson, and Sergeants Matthews, Henry, and Kibadaux be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___11th___ day of March, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**